IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

TYROME M. HOLLOMON, JR.,       )
                               )
           Plaintiff,          )
                               )
     v.                        )         1:14CV31
                               )
SMITH DEBNAM NARRON DRAKE      )
SAINTSING & MYERS, LLP         )
                               )
           Defendant.          )

**MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the undersigned United States Magistrate Judge on Plaintiff's Application for Leave to Proceed In Forma Pauperis (Docket Entry 1). For the reasons that follow, pauper status will be granted solely for the purpose of recommending dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

LEGAL BACKGROUND

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)). "Dispensing with filing fees, however, [is] not without its problems. Parties proceeding under the statute d[o] not face the same financial constraints as

ordinary litigants.  In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004).

To address this concern, the relevant statute provides, in pertinent part, that "the [C]ourt shall dismiss the case at any time if [it] determines that . . . the action . . . fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2).  A complaint falls short under this standard when it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  In other words, the applicable standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.  Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers,"
(continued...)

DISCUSSION

This case began January 15, 2014, when Plaintiff filed a pro se Complaint (Docket Entry 2), along with an Application for Leave to Proceed In Forma Pauperis ("IFP Application") (Docket Entry 1). The Complaint contains a "PRELIMINARY STATEMENT," describing the case as "an action for damages brought for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 *et seq*." (Docket Entry 2 at 1; see also id. at 2-3 (setting forth two causes of action under FCRA).) The only factual allegation in the Complaint appears as follows: "On May 7, 2012, [Defendant] initiated a hard pull of Plaintiff's credit report from Experian without permissible purpose, thereby reducing his credit score." (Id. at 1-2.)

In an attempt to determine, inter alia, if Plaintiff could provide factual matter sufficient to support an inference that Defendant did not have a "permissible purpose" for obtaining Plaintiff's credit report under the FCRA, the undersigned

---

[1](...continued)
Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 679, respectively)).

-3-

Magistrate Judge set this case for a hearing on Plaintiff's instant IFP Application. (See Docket Entry 4.) At said hearing, the Court ordered Plaintiff to file an amended complaint by March 10, 2014, detailing the facts surrounding his allegations and the specific damages he suffered. (See Docket Entry dated Feb. 24, 2014.) Plaintiff thereafter filed an Amended Complaint (Docket Entry 5), identical to the original Complaint except that it adds the following factual allegations as paragraphs 9-13:

> 9. Plaintiff has no contractual obligation to pay Defendant.
>
> 10. Defendant are [sic] attorneys for DISCOVER BANK[.]
>
> 11. Plaintiff has no contractual obligation to pay DISCOVER BANK[.]
>
> 12. On or about February 8, 2013 Plaintiff requested a production of the original contract with signatures between Plaintiff and DISCOVER BANK. [] Defendant failed to produce any signed contract[.]
>
> 13. On or about December 30, 2013 Plaintiff sent Defendant[] a notice of violation for attempting to collect a nonexistent debt with an opportunity to cure.

(Id. at 2.)

Under these circumstances, the Court should dismiss this case under Section 1915(e)(2) for failure to state a claim. See, e.g., Iqbal, 556 U.S. at 678 (mandating that plaintiffs provide "factual matter" to support claims and ruling "legal conclusions" and "conclusory statements" insufficient). The Amended Complaint purports to assert two claims under the FCRA based on Defendant's alleged obtaining of Plaintiff's credit report without a

-4-

permissible purpose. (See Docket Entry 5 at 1-2.)  It further alleges that Plaintiff has no contractual obligation to pay either Defendant or Defendant's client, Discover Bank. (Id. at 2.)

However, the fact that Plaintiff disputes his current obligation to pay Discover Bank does not provide a basis for concluding that Defendant lacked a permissible purpose in obtaining Plaintiff's credit report.  To the contrary, the FCRA specifically describes as a permissible purpose the act of obtaining a credit report "to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer; or . . . [because of] a legitimate business need for the information – (i) in connection with a business transaction that is initiated by the consumer; or (ii) to review an account to determine whether the consumer continues to meet the terms of the account."  15 U.S.C. § 1681b(a)(3) (emphasis added) (setting forth grounds under which consumer reporting agency may release consumer reports); see also 15 U.S.C. § 1681b(f) (prohibiting obtaining of consumer reports except "for a purpose for which the consumer report is authorized to be furnished under this section").  Plaintiff's factual allegations do not indicate that Defendant lacked any of the foregoing permissible purposes for obtaining Plaintiff's credit report.  In other words, the fact that Plaintiff allegedly does not

owe money to Discover Bank fails to support an inference that Defendant did not obtain Plaintiff's credit report in connection with Discover Bank's extension of credit to Plaintiff, a review of his account with Discover Bank, a transaction he initiated with Discover Bank, or the review of his continued compliance with his account with Discover Bank. Finally, the Amended Complaint contains only a bald assertion that Defendant acted wilfully and that Plaintiff suffered actual damages. (See Docket Entry 5 at 2-3.)

In several separate, recent cases, this Court, under similar circumstances, dismissed for failure to state a claim complaints featuring such FCRA claims. See, e.g., Golden v. NCO Fin. Sys., No. 1:12CV1097, 2013 WL 4519774 (M.D.N.C. Aug. 26, 2013) (unpublished), recommendation adopted, slip op. (M.D.N.C. Sept. 13, 2013) (Schroeder, J.); James v. Paragon Revenue Grp., No. 1:12CV1371, 2013 WL 3243553 (M.D.N.C. June 26, 2013) (unpublished), recommendation adopted, slip op. (M.D.N.C. July 23, 2013) (Schroeder, J.); King v. Equable, No. 1:12CV443, 2013 WL 2474377 (M.D.N.C. June 10, 2013) (unpublished) (Eagles, J.); accord Boston v. Client Servs. of Mo., Inc., No. 3:13CV184, 2013 WL 5925902, at *3 (W.D.N.C. Nov. 1, 2013) (unpublished). The same result should occur here.

**IT IS THEREFORE ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis (Docket Entry 1) is **GRANTED FOR THE**

**LIMITED PURPOSE OF ALLOWING THE COURT TO CONSIDER A RECOMMENDATION OF DISMISSAL.**

**IT IS RECOMMENDED** that this action be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

      /s/ L. Patrick Auld
      **L. Patrick Auld**
      **United States Magistrate Judge**

March 25, 2014