IN THE UNITED STATES DISTRICT COURT

MIDDLE DISTRICT COURT OF NORTH CAROLINA

TYROME M HOLLOMON JR
    Plaintiff.

Case No. 14CV31

-v-

SMITH DEBNAM NARRON DRAKE
SAINTSING & MYERS, LLP
    Defendant.

## NOTICE OF OBJECTION

Comes now TYROME M. HOLLOMON JR, to file in this court of record, his OBJECTION TO MAGISTRATE'S "RECOMMENDATION" pursuant to the following facts and reasons:

1. FACTUAL ALLEGATIONS
    1. On February 26, 2014 Plaintiff filed an amended complaint expanding on reason for the complaint.
    2. On March 25, 2014 US MAGISTRATE JUDGE L Patrick Auld recommended that this action be dismissed for failure to state a claim.
    3. The FCRA gives specific protection to consumers. This violation of the FCRA is a stated claim in which relief should be granted.
    4. Therefore, Plaintiff hereby files his Objection to the RECOMMENDATION on the grounds that the Magistrate misconstrued the meaning and intent of the FCRA
2. OVERBROAD
    1. The Magistrate grouped my claim with several cases that went before this court in an attempt to restrict my due process.
3. STATUATORY AUTHORITY AND FAIR CREDIT REPORTING ACT (FCRA)
    1. Accuracy and fairness of credit reporting. The Congress makes the following findings:
        1. The banking system is dependant upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.
        2. An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers.

3. Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.
4. There is a great need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy.
2. Reasonable procedures. It is the purpose of this act to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of the commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirement of this act.

4. CASE PRECEDENCE
    1. "The Supreme Court stated that the authority granted to magistrate judges under the Federal Magistrates Act is to be construed narrowly." U.S. v. Desir, 257 F.3d 1233, 1236(11th Cir. 2001).
    2. Federal magistrate judges are creatures of statute, and so is their jurisdiction. Unlike district judges, they are not Article III judicial officers, and they have only the jurisdiction or authority granted to them by Congress, which is set out in 28 U.S.C. § 636. As applicable here where the parties did not consent to proceeding before the magistrate judge, see § 636(c)(1), the district court may designate a magistrate judge to consider various matters. See § 636(b). These matters are generally categorized as 'dispositive' or 'non-dispositive,' and a magistrate judge's authority with respect to each category is different: Magistrates may issue orders as to non- dispositive pretrial matters, and district courts review such orders under a clearly erroneous or contrary to law standard of review. 28 U.S.C. § 636(b)(1)(A). While magistrates may hear dispositive motions, they may only make proposed findings of fact and recommendations, and district courts must make de novo determinations as to those matters if a party objects to the magistrate's recommendations. Id. § 636(b)(1)(B), (C). First Union Mortgage Corp., v. Smith, 229 F.3d 992, 995 (10th Cir. 2000) (internal citations, quotations, and brackets omitted).
    3. "The Supreme Court has stated that the Constitution requires that the judicial power of the United States be vested in courts having judges with life tenure and undiminishable compensation in order to protect judicial acts from executive or legislative coercion. O'Donoghue v. United States, 289 U.S. 516, 531, 53 S.Ct. 740, 743, 77 L.Ed. 1356 (1933). A decision without consent by a magistrate, a non-Article III judge, would undermine this objective of the Constitution and might violate the rights of the parties. Willie James Glover, Plaintiff-Appellee Cross-Appellant, v.

Alabama Board of Corrections, Et Al., Defendants, James Towns, Defendant-Appellant Cross-Appellee., 660 F.2d 120 (5th Cir. 1981).

The factual allegations against the Defendant are crystal clear: It is not necessary in this response to outline exactly how Defendants actions violated the law. In determining whether claims should be dismissed under 28 U.S.C. § 1915(e)(2)(B), the Court must treat factual allegations in a complaint as true, construe the allegations liberally, and draw all reasonable inferences in favor of the plaintiff. I have raised my right to relief and request this matter to be heard. Wherefore, the Plaintiff prays that the District Court review the "ORDERS" of the Magistrate's filings in this case, and find cause to overturn the Magistrate's "RECOMENDATION." Respectfully submitted this 1st day of April 2014

_____
TYROME M HOLLOMON JR
420 E McCulloch St
Greensboro, North Carolina 27406
holloty@gmail.com
336-389-1254


CERTIFICATE OF SERVICE:
I hereby certify that on or about this date, I mailed a copy of this OBJECTION TO MAGISTRATE'S RECOMMENDATION by US Mail in a postage paid wrapper to Defendants address of record.
April 1, 2014

_____
TYROME M HOLLOMON JR
420 E McCulloch St
Greensboro, North Carolina 27406
holloty@gmail.com
336-389-1254